United States District Court
Southern District of Texas
**ENTERED**
October 30, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EMBRACE HOME LOANS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-2864** |
| | § | |
| **FREDDIE CARR,** | § | |
| | § | |
| **Defendant.** | § | |

# FINAL DEFAULT JUDGMENT

On this day came on to be considered the above-entitled and numbered cause wherein Embrace Home Loans, Inc. its successors and assigns ("Embrace" or "Plaintiff"), is the Plaintiff and Freddie Carr ("Defendant") is the Defendant. Defendant, although having been duly and legally summoned to appear and answer, failed to appear and answer, and wholly made default on Plaintiff's claims against him.

Plaintiff's Original Complaint ("Complaint") was served upon Defendant according to law and returned to the Clerk where it remained on file for the time required by law. The Court has read the pleadings and the papers on file and is of the opinion that the allegations of Plaintiff's Complaint have been admitted by Defendant. The Court further finds that Plaintiff does not seek monetary damages against Defendant, but instead seeks certain declarations and a judgment allowing foreclosure of the real property which is the subject of this action. Therefore, considering Defendant's default and the nature of Plaintiff's claims, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that the material allegations of the Complaint be and are deemed admitted as to Defendant. It is further,

**ORDERED, ADJUDGED AND DECREED** that an event of default has occurred on that

certain Note, executed by Freddie Carr on or about August 22, 2022 (hereinafter "Note"). It is further,

**ORDERED, ADJUDGED AND DECREED** that certain Deed of Trust dated August 22, 2022 in the principal sum of $166,000.00 signed by Defendant and recorded in the official public records of Harris County, Texas, provides Plaintiff, as the mortgagee of the Security Instrument, in the event of default on the obligations on the Note, with a first lien security interest on that certain real property commonly known as 18714 Ranch View Trail, Houston, Texas 77073, (hereinafter "Property") and is more precisely described as:

> **LOT FOUR (4), IN BLOCK FOUR (4),OF REMINGTON CREEK RANCH, SECTION TWO (2), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 637108 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

It is further,

**ORDERED, ADJUDGED AND DECREED** that the following are secured by the Security Instrument on the Property: the outstanding balance of the Note, including attorney's fees; pre-judgment interest; post-judgment interest; and costs of court. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff, its successors and assigns is entitled to proceed with a non-judicial foreclosure sale under the terms of the Deed of Trust, TEX. PROP. CODE § 51.002, TEX. CONST., ART. XVI, SEC. 50(a)(6)(D) and applicable law with respect to the secured Property made the subject of this proceeding, and this Judgment serves as an Order of Foreclosure of a Home Equity Loan in accordance with TEX. CONST. ART. XVI §50(a)(6), It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff may further communicate with Defendant, and all third parties reasonably necessary to conduct the foreclosure sale. It is further,

**ORDERED, ADJUDGED AND DECREED** that Plaintiff is awarded costs and attorneys' fees to be determined by subsequent motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(B)(i). It is further,

**ORDERED, ADJUDGED AND DECREED** that the award of any fees, costs and interest is not an award of personal liability against Defendant but will be added as a charge to the total debt owed by Defendant and collected against the Property at the time of foreclosure.

SIGNED on this the 30th day of October 2026.

UNITED STATES DISTRICT JUDGE